Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 8348 | **DATE** | 6/27/2001 |
| **CASE TITLE** | Boyd, et al. vs. Illinois State Police, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 7/9/01 at 9:30 a.m. Date for submission of pretrial materials is stricken. Enter Memorandum Opinion and Order. Plaintiff's motion to amend complaint [53-2] is granted. Plaintiffs to file Fourth Amended Complaint by 7/13/01. Defendants to plead to Fourth Amended Complaint by 8/3/01. Discovery is reopened for sixty days to allow discovery of new materials raised by the Fourth Amended Complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 28 2001 date docketed | |
| | Notified counsel by telephone. | | | 57 |
| | Docketing to mail notices. | | CM docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 JUN 28 AM 8:11 | 6/28/2001 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED<br>JUN 2 8 2001

| | |
|---|---|
| MOSES BOYD, JR., PEGGY KONRATH, JAIME ZEA, THOMAS HALLORAN, LANEEN BLOUNT, ELLEN CONNOLLY, JEANNE RICHEAL, MURRAY C. SHAMBEE, JR., JOSEPH THIBAULT, JOHN L. McDONALD, ARTHUR KRUSKI, WEBELENE BETHEA, GWENDOLYN BRISTER, LINDA RAYFORD, COTELIA FULCHER, CRYSTAL B. WATSON, JEFFREY BUFORD, JORGE GOMEZ, and LARRY WILSON,<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS STATE POLICE and SAM W. NOLEN,<br><br>Defendants. | No. 98 C 8348 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have moved pursuant to Federal Rule of Civil Procedure 15 for leave to file a fourth amended complaint[1] to add claims under 42 U.S.C. § 1983, alleging race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, against two new defendants, Bruce Vander Kolk ("Vander Kolk") and Teresa Kettlekamp ("Kettlekamp"), in their individual capacities.[2] Kettlekamp was previously named (although not in the caption as a

---

[1] Plaintiffs' motion incorrectly moves to file a "third" amended complaint, but plaintiffs have already filed a Third Amended Complaint.

[2] Plaintiffs' Third Amended Complaint was brought against defendants Illinois State Police and its director Sam Nolen, alleging they violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*, by discriminating against plaintiffs in the compensation, terms, and conditions of their employment, and violated provisions of the Illinois Personnel Code, 20 ILCS 415/12e, in determining compensation for plaintiffs. The court

1

defendant) in the third amended complaint.³ Plaintiffs request amendment on the bases that: (1) the § 1983 claims are almost identical to the Title VII intentional discrimination and retaliation claims and thus would not require additional discovery beyond that which the court has already ordered; (2) current defendants would not be prejudiced by having liability shared with other defendants; and (3) both additional defendants have been on notice of the existence and pendency of the suit and should not be surprised at being named. Defendants oppose plaintiffs' motion on three grounds: (1) that delay in bringing the amendment would result in prejudice; (2) that the amendment would not provide additional relief to plaintiffs; and (3) some of the claims would not be subject to relation back under Federal Rule of Civil Procedure 15(c) and may be barred by the statute of limitations.

## STANDARD

After a responsive pleading has been served, a party may amend their pleading with leave of court, and leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The court "need not allow an amendment when there is undue delay, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany*

---

granted summary judgment to defendants on the state law claim, but denied summary judgment on Count I brought by all plaintiffs (except Larry Wilson) for Title VII violations, and Counts III and IV brought by Larry Wilson for Title VII violation and retaliation, respectively.

³Although plaintiffs assert Kettlekamp was added to the Third Amended Complaint in both her personal and official capacity, the Third Amended Complaint does not name her as a defendant in the caption, states that she is being sued in her personal capacity, *see* ¶ 22, and mentions her once in Count IV as the employee who ordered plaintiff Larry Wilson's salary to be suspended. Indeed, plaintiffs fail to specifically refer to Kettlekamp in the factual allegations common to all counts. Therefore, if plaintiffs were attempting to sue her in her official capacity, this was not accomplished in the Third Amended Complaint. In any event, none of the individual defendants belong in the Title VII claims because "Title VII can only be imposed against an individual who qualifies independently as an employer." *Shelton v. Ernst & Young, LLP*, — F. Supp. 2d —, 2001 WL 477230, *4 (N.D. Ill. May 3, 2001), citing *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995).

2

*Pharmacal Co.* v. *QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001), *citing Foman* v. *Davis*, 371 U.S. 178, 182 (1962). However, delay is not a sufficient basis for denial of leave to amend unless the delay has caused the opposing party undue prejudice. *Textor* v. *Board of Regents*, 711 F.2d 1387, 1391 (7th Cir. 1983). "Generally, 'the grant of leave to amend . . . is within the discretion of the trial court.'" *Sanders* v. *Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995), *quoting Zenith Radio Corp.* v. *Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

## DISCUSSION

(1) <u>Undue Delay/Prejudice</u>

Defendants argue that plaintiffs have, without explanation, waited until after discovery closed, motions for summary judgment were decided and just before the pretrial order is due, to attempt their fourth amendment to their complaint, and note that plaintiffs' attorneys are experienced in the civil rights field such that the availability and applicability of the § 1983 claims should have been apparent to them. Defendants argue that amendment at this late date would result in prejudice to the added defendants if they were not allowed to fully defend themselves by reopening discovery and allowing for the possibility of summary judgment on the § 1983 claims against them, including the defenses of the statute of limitations, qualified immunity, and their personal involvement in each of these 19 plaintiffs' claims. In particular, defendants note that since this case involves suit by 19 separate plaintiffs against these two defendants, a determination would have to be made as to whether each individual plaintiff had stated a timely claim[4] against each defendant and what personal involvement each had on that

---

[4]In Illinois, a two-year statute of limitations applies to claims brought under § 1983. *Manley* v. *City of Chicago*, 236 F.3d 392, 395 (7th Cir. 2001) (citations omitted). Defendants argue that because, in a suit for wage discrimination, the statute of limitations begins to run at the time of each paycheck that plaintiff claims is

3

claim.[5] In other words, they argue that the added defendants would be greatly prejudiced if they were not allowed to conduct discovery as to the plaintiffs who had a timely claim and to determine the extent of their potential liability as to those plaintiffs. Although plaintiffs have stated that they need no further discovery than what has already been ordered by the court, defendants have pointed out that Kettlekamp (who appeared to have been sued under Count IV of the Third Amended Complaint for retaliation against Larry Wilson when she denied him a salary increase because he was involved in this litigation) has not been deposed and that the claims against her will require discovery on the part of plaintiffs to show her personal involvement in the salary determination and surrounding issues.

Since any amendment inevitably results in new discovery and some delay in the proceedings, this alone is insufficient to meet the prejudice standard in light of the policy behind the liberal amendment, which is to "allow plaintiffs to present, and have the court decide, a case on its merits." *Orlowski* v. *Dominick's Finer Foods, Inc.*, 937 F. Supp. 723, 732 (N.D. Ill. 1996). Thus, an amendment will be denied only where it would create "undue" prejudice, in other words, only where the prejudice "outweighs the moving party's right to have the case decided on the merits." *Id.* In balancing these interests, the court should consider the hardship to the moving party if the request to amend is denied, the reasons for the moving party's failure to

---

discriminatory (and that the continuing violation doctrine does not apply), relying on *Heard* v. *Sheahan*, — F.3d —, 2001 WL 651186, *3 (7th Cir. June 13, 2001), any claim of discriminatory paycheck more than two years prior to the filing of the Fourth Amended Complaint would be time-barred.

[5]Although neither party sets forth the separate elements of proof for an Equal Protection claim under § 1983, at the least one difference is that in a § 1983 action, a "plaintiff must establish that the defendant was personally involved or acquiesced in the alleged constitutional violation" since individual liability can only be based on a finding that defendant caused the deprivation at issue. *See Kelly* v. *Mun. Courts of Marion County, Ind.*, 97 F.3d 902, 909 (7th Cir. 1996).

4

include the information in the initial pleading, and the harm to the opposing party if the motion is granted. *McCann v. Frank B. Hall & Co., Inc.*, 109 F.R.D. 363, 365 (N.D. Ill. 1986) (citing 6 WRIGHT, MILLER & COOPER: FEDERAL PRACTICE & PROCEDURE, § 1487 at p. 429). Examples of circumstances of "undue" prejudice include that the motion to amend comes on the eve of trial after many months or years of pretrial activity; would cause undue delay in the final disposition of the case; brings entirely new and separate claims, new parties, or at least entails more than an alternative claim or change in the allegations of the complaint; and would require expensive and time-consuming discovery. *Id.* at 366-67 (internal citations omitted).

Although plaintiffs did not explain in their motion the reason for their delay or the purpose for which they have brought their motion, in a hearing on the matter on June 27, 2001, counsel for plaintiffs stated that he attempted to add Kettlekamp to the Third Amended Complaint, that he recently discovered cases imposing individual liability for discrimination under § 1983 against state employees, and that he is seeking this amendment for purposes of punitive damages under § 1983.[6] While the court is not particularly impressed by the reason for the delay since the cases regarding § 1983 liability were undoubtedly present at the time plaintiffs attempted to add Kettlekamp to the Third Amended Complaint, the court finds that denial of a claim for punitive damages would harm plaintiffs if they could succeed on this claim.

As to the harm to the defendants if leave were granted, in response to the question at the June 27, 2001 hearing concerning what additional discovery would be necessary to defend against these claims, defendants' counsel reiterated that they would need to depose all 19

---

[6] Plaintiffs' explanation that the purpose for which he seeks the amendment is punitive damages suffices to moot defendants' point in their response brief that the addition of the § 1983 claims would not provide any additional relief to the plaintiffs.

5

plaintiffs to establish individual liability, since for the Title VII claims they deposed only 5 or 6 plaintiffs because the claims were so similar. Plaintiffs' counsel, on the other hand, objected, stating that all 19 would not need to be deposed because the claims derive from the same occurrence – namely the transfer of employees from the Chicago Police Department, Forensic Sciences Division, to the Illinois State Police, Bureau of Forensic Sciences – which was common to all 19 and thus no additional facts would need to be discovered. The court concludes that although personal liability will need to be established under § 1983, and the punitive damages aspect of the claim adds a new dimension to the case, defendants have not convinced the court that an inordinate amount of additional discovery is required in this regard in light of the fact that, as asserted by plaintiffs, the basis for the § 1983 claims is the same as the Title VII claims. *See McCann*, 109 F.R.D. at 367 ("A court will generally grant leave to amend, even if discovery is substantially completed, if the discovery adequately covered the subject matter of the amendment.").

Moreover, where the underlying allegations remain the same, there is less room for surprise on the part of the defendants. *See, e.g., Clark* v. *Univ. Builders, Inc.*, 501 F.2d 324, 339-40 (7th Cir. 1973) (it was error for district court to deny plaintiffs' leave to amend complaint four months prior to trial to add defendants, who were officers of the corporate defendants, reasoning that all defendants were on constructive notice of the action and were indeed active participants in its since its inception); *Hicks* v. *Resolution Trust Corp.*, 738 F. Supp. 279, 284 (N.D. Ill. 1990) (granting leave to amend to add new claim finding defendant could not have been surprised or prejudiced where allegations arose out of the same transaction or occurrence as the original complaint); *see also Patterson* v. *P.H.P. Healthcare Corp.*, 90 F.3d 927, 934 (5th Cir. 1996)

(allowing amendment to add hostile work environment claim to § 1981 intentional discrimination claim); *Howze* v. *Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984) (allowing amendment claiming retaliation under Title VII). Plaintiffs point out that both proposed defendants have known about and/or participated in the current action. Specifically, plaintiffs assert that both are high-ranking officials in the Illinois State Police, who have authority to recommend and make personnel decisions; that Vander Kolk was deposed by plaintiffs' counsel and was an active participant in the decisions that form the basis of plaintiffs' suit; and that Kettlekamp was named in the Third Amended Complaint because of her involvement in retaliatory conduct. Plaintiffs assert that as a result, both defendants should have reasonably concluded that inasmuch as they played a role in creating and perpetuating the discrimination complained of, they might be held personally liable. While defendants do not deny that Vander Kolk and Kettlekamp were on notice and/or involved with the litigation surrounding the original complaint, they assert as to Kettlekamp (but not Vander Kolk) that she will be prejudiced in her defense even if discovery is opened because she will not have the opportunity to move for summary judgment on the § 1983 claims. The court finds that because of the constructive and/or actual knowledge of both of these defendants of the events underlying this lawsuit and because the actions are based on the same events, they would not be unduly prejudiced by amendment. Finally, defendants reliance upon cases where the court denied leave to amend after discovery had closed and motions for summary judgment had been filed are unpersuasive since most of these cases involved attempts to avoid an unfavorable result on

7

summary judgment,[7] whereas in the instant case, defendants' motion for summary judgment on the Title VII claims were denied, and plaintiffs are asserting that their § 1983 claims are almost identical to their Title VII claims. Whether a second motion for summary judgment on the § 1983 claims would be warranted is a matter within the discretion of the court.[8]

(2) Statute of Limitations/Relation Back

Defendants also assert that if amendment is granted, they might discover some of the 19 plaintiffs' claims may not have been brought within the applicable two year statute of limitations, and argue that plaintiffs cannot meet the relation back requirement of Rule 15(c). Although not identified as such, this appears to be an argument that the court should deny leave to amend because amendment to add the § 1983 claims would be futile on statute of limitations grounds at least as to some plaintiffs. It is well-accepted that "a new defendant cannot normally be . . . added by amendment after the statute of limitations has run." *Hill v. Shelander*, 924 F.2d 1370, 1376 (7th Cir. 1991), *quoting Wood v. Worachek*, 618 F.2d 1255, 1229 (7th Cir. 1980). However, even if some of the claims are barred by the statute of limitations, plaintiffs can still press their

---

[7]*See Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995) (upholding denial of leave to amend to assert new breach of contract claim and add four new defendants after original defendant was granted summary judgment motion on Title VII claim as time-barred); *Johnson v. Methodist Med. Ctr. of Illinois*, 10 F.3d 1300, 1304 (7th Cir. 1993) (upholding denial of leave to amend to add entirely new theory of case when plaintiff was presented with likelihood of a successful motion for summary judgment by defendant on prior complaint); *Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 625 (7th Cir. 1987) (upholding denial of leave to amend to state a claim for punitive damages under ERISA finding that plaintiff's motion "represents an apparent attempt to avoid the effect of summary judgment [on his other claims]."); *see also Cleveland v. Porca Co.*, 38 F.3d 289, 297-98 (7th Cir. 1994) (affirming summary judgment for defendants and denial of leave to amend complaint to add entirely new claim relying, *inter alia*, on *Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 625 (7th Cir. 1987)).

[8]As to the qualified immunity defense that defendants assert will be propounded, the court notes that "if plaintiff can establish intentional discrimination based on . . . race, there would be no basis for qualified immunity." *See Nanavaty v. City of Indianapolis*, 2000 WL 1902184, *4 (S.D. Ind. Nov. 16, 2000) (noting that the law is well-settled that the Fourteenth Amendment prohibits public employers from engaging in racial discrimination and citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989), and *Erwin v. Daley*, 92 F.3d 521, 525 (7th Cir. 1996)); *see also Manheim v. Univ. of Illinois Bd. of Trustees*, 2001 WL 185170, *8 (N.D. Ill. Feb. 2, 2001) (Lefkow, J.).

claims against these new defendants if plaintiffs can demonstrate that the Fourth Amended Complaint relates back to the date of the original complaint, pursuant to Rule 15(c).[9] Under Rule 15(c), an amended complaint relates back to the date of the filing of the original complaint only when three requirements are met: (1) the amended complaint arises out of the same occurrence set forth in the original complaint; (2) the added defendant received such notice of the institution of the action within the applicable statute of limitations so that he will not be prejudiced in maintaining his defense on the merits; and (3) the added defendant knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. *Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir. 1980). Assuming the first two requirements are met, the court agrees with defendants that the third requirement for relation back is not met. Under the third requirement, an amendment relates back to the original complaint "only where 'there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.'" *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000), citing, inter alia, *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998). In this regard, relation back is provided only as a "means for correcting the mistakes of plaintiffs suing official bodies in determining which party is the proper

---

[9]An amendment of a pleading relates back to the date of the original pleading when . . .
    (2) the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
    (3) the amendment changes the party or the naming of a party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
Fed. R. Civ. P. 15(c).

9

defendant." *Id.*, *citing Donald* v. *Cook County Sheriff's Dep't*, 95 F.3d 548, 560 (7th Cir. 1996). A mere lack of knowledge of defendants' identity at the time of filing the original complaint, as opposed to a mistake in their names is insufficient. *See id.* Here, plaintiffs have not asserted that there was any kind of mistake that prevented them from naming the new defendants in the original complaint. Indeed, when specifically asked at the June 27, 2001 hearing, plaintiffs' counsel did not assert that there was any type of mistake. He did contend, however, that at least as to Kettlekamp, the claim is based on conduct that occurred during the pendency of this case and so would be within the statute of limitations. The court concludes that to the extent that plaintiffs are basing their § 1983 claims against Vander Kolk and Kettlekamp on conduct that occurred outside the statute of limitations (more than 2 years from the date of the Fourth Amended Complaint) these claims would be time-barred. Nevertheless, because as noted by defendants, they have yet to determine which, if any, claims are time-barred, the court does not consider amendment, at this juncture, to be futile. Therefore, amendment is not denied on this ground.

## CONCLUSION

Because defendants have not shown good reason for denial of the motion, and Rule 15(a) requires that leave to amend be freely given, plaintiffs' motion for leave to amend is granted. Plaintiffs are required to file their Fourth Amended Complaint by July 13, 2001. In framing their amended pleading, plaintiffs should be cognizant of their Rule 11 pleading obligations. Defendants are given until August 3 to plead to the Fourth Amended Complaint. The court will

reopen discovery for sixty (60) days to allow discovery of new matters raised by the Fourth Amended Complaint. The date for filing pretrial materials is stricken. Status is set for July 9, 2001.

ENTER: _/s/ Joan H. Lefkow_
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: June 27, 2001